IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOILING CRAB FRANCHISE CO., LLC

    Plaintiff,

v.                                     Case No. 3:20-cv-1398-HES-MCR

BOILING CRAWFISH, INC.,
BC BAYMEADOWS, INC.;
SEA SNAPPERS, INC. and
LINDA PHAM

    Defendant.

_____)

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendants, BOILING CRAWFISH, INC.., a Florida corporation, BC Baymeadows, Inc., a Florida corporation, Sea Snappers, Inc., a Florida corporation, and Linda Pham, an individual (hereinafter Defendants) serve this Answer and Affirmative Defenses. Defendants deny they engaged in trademark infringement and unfair competition and in support state:[1]

## **PARTIES**

    1.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 1 and therefore must be denied.

---

[1] Defendants do not respond to the headings and subheadings contained in the Complaint as they are not properly allegations. Nevertheless, Defendant denies any facts or inferences contained in Plaintiff's headings and/or subheadings.

2. Defendant Boiling Crawfish admits it is a corporation organized under the laws of Florida with its principal place of business at 5149 Normandy Blvd., Jacksonville, FL 32205.

3. Defendant BC Baymeadows admits it is a corporation organized under the laws of Florida with its principal place of business located at 8359 Point Meadows, Suite W12, Jacksonville, FL 32256.

4. Defendant Sea Snappers admits it is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 5149 Normandy Boulevard, Jacksonville, FL 32205. Defendant denies it is in zip code 32256.

5. Defendant Pham admits she is an individual and resident of the State of Florida, with an address located at 12649 Shoal Creek Lane North, Jacksonville, FL 32225. Defendant Pham admits she is a co-founder, director and President of Defendants Boiling Crawfish, BC Baymeadows and Sea Snappers. Defendant Pham denies she is the principal shareholder of Defendants Boiling Crawfish, BC Baymeadows and Sea Snappers.

6. Defendant Pham denies the statements and allegations in paragraph 6 and demands strict proof at a trial in this cause.

## JURISDICTION

7. The statements regarding jurisdiction of the court and proper venue in paragraph 7 are admitted for jurisdictional purposes only.

**VENUE**

8. The statements regarding proper venue in this district in paragraph 8 are admitted. All other allegations and statements in paragraph 8 regarding trademark infringement and harm suffered by the Plaintiff are denied.

**FACTS COMMON TO ALL CLAIMS**

9. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 9 and therefore must be denied.

10. Defendants without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 10 and therefore must be denied.

11. Defendants without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 11 and therefore must be denied.

12. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 12 and therefore must be denied.

13. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 13 and therefore must be denied.

14. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 14 and therefore must be denied.

15. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 15 and therefore must be denied.

16. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 16 and therefore must be denied.

17. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 17 and therefore must be denied.

18. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 18 and therefore must be denied.

19. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 19 and therefore must be denied.

20. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 20 and therefore must be denied.

21. Defendants are without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph 21 and therefore must be denied.

22. Defendants specifically deny all statements and allegations in paragraph 22 and demand strict proof at a trial in this cause.

23. Defendants specifically deny all statements and allegations in paragraph 23 and demand strict proof at a trial in this cause.

24. Defendants specifically deny all statements and allegations in paragraph 24 and demand strict proof at a trial in this cause.

25. Defendants specifically deny all statements and allegations in paragraph 25 and demand strict proof at a trial in this cause.

26. Defendants specifically deny all statements and allegations in paragraph 26 and demand strict proof at a trial in this cause.

27. Defendants specifically deny all statements and allegations in paragraph 27 and demand strict proof at a trial in this cause.

28. Defendants specifically deny all statements and allegations in paragraph 28 and demand strict proof at a trial in this cause.

29. Defendants specifically deny all statements and allegations in paragraph 29 and demand strict proof at a trial in this cause.

30. Defendants specifically deny all statements and allegations in paragraph 30 and demand strict proof at a trial in this cause.

31. Defendants specifically deny all statements and allegations in paragraph 31 and demand strict proof at a trial in this cause.

32. Defendants specifically deny all statements and allegations in paragraph 32 and demand strict proof at a trial in this cause.

33. Defendants specifically deny all statements and allegations in paragraph 33 and demand strict proof at a trial in this cause.

## **FIRST CLAIM FOR RELIEF**

34. Defendants re-allege and incorporate by reference the responses to the allegations of paragraphs 1 through 33 above as fully set forth herein.

35. Defendants specifically deny all statements and allegations in paragraph 35 and demand strict proof at a trial in this cause.

36. Defendants specifically deny all statements and allegations in paragraph 36 and demand strict proof at a trial in this cause.

37. Defendants specifically deny all statements and allegations in paragraph 37 and demand strict proof at a trial in this cause.

38. Defendants specifically deny all statements and allegations in paragraph 38 and demand strict proof at a trial in this cause.

39. Defendants specifically deny all statements and allegations in paragraph 39 and demand strict proof at a trial in this cause.

40. Defendants specifically deny all statements and allegations in paragraph 40 and demand strict proof at a trial in this cause.

41. Defendants specifically deny all statements and allegations in paragraph 41 and demand strict proof at a trial in this cause.

42. Defendants specifically deny all statements and allegations in paragraph 42 and demand strict proof at trial in this cause.

43. Defendants specifically deny all statements and allegations in paragraph 43 and demand strict proof at a trial in this cause.

44. Defendants specifically deny all statements and allegations in paragraph 44 and demand strict proof at a trial in this cause.

## SECOND CLAIM FOR RELIEF

45. Defendants re-allege and incorporate by reference the responses to the allegations of paragraph 1 through 44 above as fully set forth herein.

46. Defendants specifically deny all statements and allegations in paragraph 46 and demand strict proof at a trial in this cause.

47. Defendants specifically deny all statements and allegations in paragraph 47 and demand strict proof at a trial in this cause.

48. Defendants specifically deny all statements and allegations in paragraph 48 and demand strict proof at a trial in this cause.

49. Defendants specifically deny all statements and allegations in paragraph 49 and demand strict proof at trial in this cause.

50. Defendants specifically deny all statements and allegations in paragraph 50 and demand strict proof at a trial in this cause.

51. Defendants specifically deny all statements and allegations in paragraph 51 and demand strict proof at trial in this cause.

52. Defendants specifically deny all statements and allegations in paragraph 52 and demand strict proof at a trial in this cause.

53. Defendants specifically deny all statements and allegations in paragraph 53 and demand strict proof at a trial in this cause.

## THIRD CLAIM FOR RELIEF

54. Defendants re-allege and incorporate by reference the responses to the allegations of paragraphs 1 through 53 above as fully set forth herein.

55. Defendants specifically deny all statements and allegations in paragraph 55 and demand strict proof at a trial in this cause.

56. Defendants specifically deny all statements and allegations in paragraph 56 and demand strict proof at a trial in this cause.

57. Defendants specifically deny all statements and allegations in paragraph 57 and demand strict proof at a trial in this cause.

## FOURTH CLAIM FOR RELIEF

58. Defendants re-allege and incorporate by reference the responses to the allegations of 1 through 57 above as fully set forth herein.

59. Defendants specifically deny all statements and allegations in paragraph 59 and demand strict proof at a trial in this cause.

60. Defendants specifically deny all statements and allegations in paragraph 60 and demand strict proof at a trial in this cause.

## FIFTH CLAIM FOR RELIEF

61. Defendants re-allege and incorporate by reference the responses to the allegations of 1 through 60 above as fully set forth herein.

62. Defendants admit the statement in paragraph 62.

63. Defendants admit the statement in paragraph 63.

64. Defendants admit the statement in paragraph 64.

65. Defendants admit the statements in paragraph 65.

66. Defendants specifically deny the allegations and statements in paragraph 66 and demand strict proof at a trial in this cause.

67. Defendants specifically deny the allegations and statements in paragraph 67 and demand strict proof at a trial in this cause.

68. Defendants admit the statement in paragraph 68.

69. Defendants specifically deny the allegations and statements in paragraph 69 and demand strict proof at a trial in this cause.

70. Defendants specifically deny the allegations and statements in paragraph 70 and demand strict proof at a trial in this cause.

71. Defendants specifically deny the allegations and statements in paragraph 71 and demand strict proof at a trial in this cause.

## SIXTH CLAIM FOR RELIEF

72. Defendants reallege and incorporate by reference the responses in paragraphs 1 through 71, above as fully set forth herein.

73. Defendant Pham specifically denies the allegations and statements in paragraph 73 and demands strict proof at a trial in this cause.

74. Defendant Pham specifically denies the allegations and statements in paragraph 74 and demands strict proof at a trial in this cause.

75. Defendant Pham specifically denies the allegations and statements in paragraph 75 and demands strict proof at a trial in this cause.

76. Defendant Pham specifically denies the allegations and statements in paragraph 76 and demands strict proof at a trial in this cause.

77. Defendant Pham specifically denies the allegations and statements in paragraph 77 and demands strict proof at a trial in this cause.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses based on current knowledge and information and to avoid waiver. Defendants reserve the right to withdraw any of these affirmative defenses and to assert further affirmative defenses as information becomes available.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff specifically fails to allege the elements of its purported trade dress and that its purported trade dress acquired distinctiveness.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for infringement are barred because the registration is invalid and unenforceable.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff alleged marks are merely descriptive of the goods, boiled crab served in a restaurant, and not entitled to trademark protection.

### FOURTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims fail to state a cause of action because the purported marks have not acquired distinctiveness (secondary meaning) and/or are not inherently distinctive.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for trademark infringement and Lanham Act violations are barred because the allegedly infringing words were not used as a trademark, but fairly and in

good faith to describe a product, boiled crab served in a restaurant, and Plaintiff is not entitled to appropriate a generic or descriptive term for its exclusive use.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Defendants' goods or that Defendants' goods are produced by, or endorsed by, Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, through its failure to protect or enforce their trademark rights, has abandoned all such rights.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged infringement was innocent and wholly without knowledge by defendant of any rights claimed by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Any and all of the facts alleged by Plaintiff were performed, if they were performed at all, with lack of knowledge, lack of willful intent and without malice or ill-will.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result of the facts alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not infringe any trademark and Defendants' conduct, if any, was not intended to, was not used to, and did not, in fact, cause confusion, mistake, or deceit.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's common law and state law claims are preempted by Federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or its recovery must be reduced for failure to mitigate damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

All of Plaintiff's claims regarding trade dress are barred since the purported trade dress does not qualify for protection.

## TWENTY FIRST AFFIRMATIVE DEFENSE

The terms "boiling" and "crab" are widely used in connection with restaurants across the United States without objection by Plaintiff.  Plaintiff is therefore estopped

from claiming any exclusive right to use the terms "boiling" and "crab" in connection with restaurant services and by inaction have abandoned and/or waived any rights in the terms "boiling" and "crab."

    WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by reason of its Complaint.

2. That all of Plaintiff's requests for injunctive relief be completely denied.

3. That judgment be rendered in favor of Defendants.

4. That Defendants be awarded attorney's fees and costs incurred in defense of this action as provided by any and all applicable laws and statutes.

5. For such other relief as the Court deems just and proper.

DEFENDANTS DEMANDS TRIAL BY JURY ON ALL ISSUES.


Date:  July 21, 2021                        Respectfully submitted,

                                              **MARKS GRAY, P.A.**

                                              /s/Crystal T. Broughan
                                              *Crystal T. Broughan, Esquire*
                                              Florida Bar No.: 0863343
                                              Logan K. McEwen, Esquire
                                              Florida Bar No.: 098683
                                              1200 Riverplace Blvd., Suite 800
                                              Jacksonville, Florida 32207
                                              Telephone:  (904) 398-0900
                                              Facsimile:  (904) 399-8440
                                              Email:  cbroughan@marksgray.com
                                              Email:  lmcewen@marksgray.com
                                              Secondary:  jmcduffie@marksgray.com
                                              Secondary:  jpopovici@marksgray.com
                                              Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  21st  day of July 2021, I submitted the foregoing document with the clerk for filing with the CM/ECF system which will provide a notice of electronic filing and a copy of the foregoing to the following:

>Terry M. Sanks, Esq
>Beusse Wolter Sanks & Maire, PLLC
>390 N. Orange Avenue, Suite 2500
>Orlando, FL  32801
>Email: tsanks@bwsmiplaw.com
>
>Steven E. Klein, Esq.
>Davis Wright Tremaine, LLP
>1300 SW Fifth Avenue, Suite 2400
>Portland, OR  97201
>Email: StevenKlein@dwt.com

>/s/Crystal T. Broughan
>*Crystal T. Broughan, Esquire*
>Florida Bar No.: 0863343
>Logan K. McEwen, Esquire
>Florida Bar No.: 098683
>1200 Riverplace Blvd., Suite 800
>Jacksonville, Florida 32207
>Telephone:  (904) 398-0900
>Facsimile:  (904) 399-8440
>Email:  cbroughan@marksgray.com
>Email:  lmcewen@marksgray.com
>Secondary: jmcduffie@marksgray.com
>Secondary: jpopovici@marksgray.com
>Attorneys for Defendants